1 | **WEILAND, GOLDEN,**
**SMILEY, WANG EKVALL & STROK, LLP**
2 | Evan D. Smiley, State Bar No. 161812
Kyra E. Andrassy, State Bar No. 207959
3 | 650 Town Center Drive, Suite 950
Costa Mesa, California 92626
4 | Telephone: (714) 966-1000
Facsimile: (714) 966-1002

FILED   *A*
*MAY 24 2006*
MAY 2 4 2006

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                    Deputy Clerk

6 | **BIENERT & KRONGOLD**
Thomas Bienert, State Bar No. 135311
7 | 115 Avenida Miramar
San Clemente, California 92672
Telephone: (949) 369-3700

9 | **FLORATOS, LOLL & DEVINE**
William Floratos, State Bar No. 107820
Robert Loll, State Bar No. 117686
10 | 18881 Von Karman Avenue, Suite 220
Irvine, California 92612
11 | Telephone: (949) 553-1910

12 | Attorneys for Dr. Ronald A. Cunning, an
individual and as trustee for the Ronald Cunning
13 | D.D.S., Inc. Profit Sharing Plan and Trust and
the Cunning Family Trust

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No.: SA 06-10195 JR |
| LLOYD MYLES RUCKER, | Chapter 7 Case |
| | Adv. No. 8:06-ap-01259-JR |
| Debtor. | |
| | **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| DR. RONALD CUNNING, an individual and as trustee for the RONALD CUNNING D.D.S., INC. PROFIT SHARING PLAN AND TRUST and the CUNNING FAMILY TRUST, | |
| Plaintiff, | **Hearing Information:** |
| vs. | **DATE:** **June 28, 2006** |
| | **TIME:** **1:30 p.m.** |
| LLOYD MYLES RUCKER, | **CTRM:** **5A** |
| Defendant. | [Statement of Uncontroverted Facts and Conclusions of Law and Request for Judicial Notice Filed Concurrently Herewith] |

# TABLE OF CONTENTS

Page

NOTICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.   BACKGROUND FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.  LEGAL STANDARD FOR SUMMARY JUDGMENT . . . . . . . . . . . . . . . . . . . . . 6

IV.   THE JUDGMENTS ARE ENTITLED TO COLLATERAL ESTOPPEL EFFECT, AND THEY SHOULD BE FOUND TO BE NONDISCHARGEABLE UNDER 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    A.   The Cunning Judgment Is Nondischargeable Under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        1.   The Cunning Judgment Is Nondischargeable Under 11 U.S.C. § 523(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        2.   The Cunning Judgment Is Nondischargeable Under 11 U.S.C. § 523(a)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    B.   The Profit Sharing Plan Judgment Is Nondischargeable Under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6) . . . . . . . . . . . . . . . . . . . . . . 13

        1.   The Profit Sharing Plan Judgment Is Nondischargeable Under 11 U.S.C. § 523(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    C.   The Profit Sharing Plan Judgment Is Nondischargeable Under 11 U.S.C. § 523(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

        1.   The Profit Sharing Plan Judgment Is Nondischargeable Under 11 U.S.C. § 523(a)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    D.   The Family Trust Judgment Is Nondischargeable Under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . 18

        1.   The Family Trust Judgment Is Nondischargeable Under 11 U.S.C. § 523(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

        2.   The Family Trust Judgment Is Nondischargeable Under 11 U.S.C. § 523(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

        3.   The Family Trust Judgment Is Nondischargeable Under 11 U.S.C. § 523(a)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

V.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Britton v. Price (In re Britton),
950 F.2d 602 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Bugna v. McArthur (In re Bugna),
33 F.3d 1054 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Cal-Micro, Inc. v. Cantrell (In re Cantrell),
329 F.3d 1119 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Celotex Corp. v. Catrett,
477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Cohen v. De La Cruz,
523 U.S. 213, 118 S. Ct. 1212 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Gayden v. Nourbakhsh),
67 F.3d 798 (9th Cir. 1995 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Grogan v. Garner,
498 U.S. 279, n.11, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991) . . . . . . . . . . . . 6

Hayes v. Palm Seedlings Partners-A
(In re Agricultural Research and Tech. Group, Inc.),
916 F.2d 528 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Kawaauhau v. Geiger (In re Geiger),
523 U.S. 57, 118 S. Ct. 974 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Leonard v. Guillory (In re Guillory),
285 B.R. 307 (Bankr. C.D. Cal. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . 12, 17, 21

Molina v. Seror (In re Molina),
228 B.R. 248 (9th Cir. BAP 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 17, 21

Muegler v. Bening,
413 F.3d 980 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 14, 19

Petralia v. Jercich (In re Jercich),
238 F.3d 1202 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 17, 21

Ragsdale v. Haller (In re Ragsdale),
780 F.2d 794 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 19

In re Su,
290 F.3d 1140 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 16, 17, 21

Younie v. Gonya (In re Younie),
  211 B.R. 367 (9th Cir. BAP 1997) ................................... 6, 7

## STATE CASES

Collin v. American Empire Insurance Co.,
  21 Cal. App. 4th 787 (1994) ..................................... 12

## FEDERAL STATUTES

11 U.S.C. § 523 ..................................................... 5

11 U.S.C. § 523(a)(2)(A) .......................... 3, 6, 7, 8, 9, 13, 14, 18, 19, 22

11 U.S.C. § 523(a)(4) ....................... 3, 6, 12, 13, 15, 16, 18, 19, 20, 22

11 U.S.C. § 523(a)(6) ............... 3, 6, 7, 10, 11, 12, 13, 16, 17, 18, 20, 21, 22

## STATE STATUTES

Cal. Civ. Code § 3294 ................................................. 8

Cal. Civ. Code § 3294(c)(2) .......................................... 11

Cal. Civ. Code § 3294(c)(3) ...................................... 11, 17, 21

## FEDERAL RULES

Federal Rule of Civil Procedure 56 ................................... 1, 2

Federal Rule of Bankruptcy Procedure 7056(c) ......................... 6

TO THE HONORABLE JOHN E. RYAN, UNITED STATES BANKRUPTCY JUDGE,
THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR AND HIS
COUNSEL, AND ANY OTHER PARTIES IN INTEREST:

   **PLEASE TAKE NOTICE** that on June 28, 2006, at 1:30 p.m. in Courtroom 5A of
the Ronald Reagan Federal Building and United States Courthouse located at 411 W.
Fourth Street, Santa Ana, California 92701, the Court will hold a hearing on the motion of
plaintiffs Ronald A. Cunning, D.D.S., individually and on behalf of the Ronald Cunning
D.D.S., Inc. Profit Sharing Plan and Trust and the Cunning Family Trust, for Summary
Judgment pursuant to Federal Rule of Civil Procedure 56 (the "Motion").

   **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-
1(e), any party who opposes the Motion must, no later than twenty-one (21) calendar
days prior to the hearing on the Motion, serve and file a separate concise "statement of
genuine issues" with responding papers setting forth all material facts as to which it is
contended there exists genuine issues required to be litigated, and referencing each fact
to the evidence which establishes the genuine issue to be litigated.

   **PLEASE TAKE FURTHER NOTICE** that failure to timely respond to the Motion
may be deemed by the Court to be a consent to the granting of the relief sought in the
Motion.

Respectfully submitted,

DATED: May ___, 2006

WEILAND, GOLDEN,
SMILEY, WANG EKVALL & STROK, LLP


By: _____
    KYRA E. ANDRASSY
    Attorneys for Ronald A. Cunning,
    D.D.S., individually and on behalf of
    the Ronald A. Cunning, D.D.S. Inc.,
    Profit Sharing Plan and Trust and the
    Cunning Family Trust

## <u>MOTION</u>

Plaintiffs Ronald A. Cunning, D.D.S., individually and on behalf of the Ronald Cunning D.D.S., Inc. Profit Sharing Plan and Trust and the Cunning Family Trust (collectively, the "Plaintiffs"), hereby move the Court for summary judgment, determining that the state court judgments obtained by the Plaintiffs are entitled to collateral estoppel effect and that they are nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6). In support of the Motion, the Plaintiffs submit the following memorandum of points and authorities, the Statement of Uncontroverted Facts and Conclusions of Law in support of the Motion, the Request for Judicial Notice and exhibits thereto, and such other and further evidence and argument as may be submitted at or prior to the hearing on the Motion, and respectfully represent as follows:

## I.   <u>INTRODUCTION</u>

In 1997, after a multi-week trial, a jury rendered verdicts against the Debtor and in favor of the Plaintiffs that collectively totaled $3.1 million based on the jury's findings that the Debtor committed fraud, breach of fiduciary duty, and conversion. The verdicts included punitive damages based on the jury's findings that the Debtor's conduct was oppressive, malicious, and fraudulent. The judgments are final. Through this Motion, the Plaintiffs request that the Court give the state court judgments collateral estoppel effect and find that the judgments are nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6).

## II.   <u>BACKGROUND FACTS</u>

Dr. Cunning is a dentist who also invests in real estate. Dr. Cunning was introduced to the Debtor and the Debtor's former wife, Lori Rucker, by a local real estate broker named Christopher Bennett. Based on representations by the Debtor about several successful real estate projects that he had been involved in, Dr. Cunning agreed to form two joint ventures with the Debtor to develop and complete two real estate

1 projects in Newport Beach, California. See Statement of Uncontroverted Facts No. 1.
2 Accordingly, Dr. Cunning, on behalf of the Ronald Cunning D.D.S., Inc. Profit Sharing
3 Plan and Trust (the "Profit Sharing Plan"), and the Debtor formed a joint venture to
4 develop and complete a real estate project on 15th Street in Newport Beach. See
5 Statement of Uncontroverted Facts No. 2. The second project was on 16th Street in
6 Newport Beach, and the joint venture for that project was formed by the Debtor and
7 Dr. Cunning on behalf of the Cunning Family Trust. See Statement of Uncontroverted
8 Fact No. 3. In connection with the real estate projects, the joint ventures obtained
9 construction loans that Dr. Cunning individually personally guaranteed. See Statement
10 of Uncontroverted Facts No. 4.

11         After entering into the joint venture agreements with the Debtor and providing the
12 funding and loans required of him, Dr. Cunning began to experience difficulty in obtaining
13 financial information and information about the status of the two projects from the Debtor.
14 Dr. Cunning was then contacted by Christopher Bennett, who claimed that a written
15 agreement existed between he and the Debtor pursuant to which Mr. Bennett was to
16 receive a percentage interest in any project that Dr. Cunning pursued with the Debtor.
17 Mr. Bennett sued the Debtor and Dr. Cunning in Orange County Superior Court (the
18 "State Court") to enforce the agreement against the Debtor. During this investigation,
19 Dr. Cunning discovered that the Debtor had engaged in fraud, breach of fiduciary duty,
20 and conversion. The State Court ultimately ordered an accounting and appointed a
21 retired judge to act as a referee.

22         The investigation culminated with the State Court's findings that the Debtor had
23 wrongfully removed funds from the two construction loans guaranteed by Dr. Cunning
24 and had used the funds to benefit himself personally, to benefit his wife, to fund other
25 construction projects, and for an unjustified claim for supervision fees. See Statement of
26 Uncontroverted Facts No. 5. The State Court also found that the Debtor had defrauded
27 the Cunning Family Trust out of $100,000 through a double escrow, and that the Debtor
28 had diverted funds, falsified records, overcharged the joint ventures, and concealed the

1 records and the facts of these wrongful transactions. See Statement of Uncontroverted

2 Facts No. 6. The State Court found that the Debtor owed $1,157,641 to the joint

3 ventures in severable amounts to be determined by a jury. See Statement of

4 Uncontroverted Facts No. 7.

5      After a jury trial, the jury rendered its verdicts against the Debtor with special

6 findings, including fraud and deceit, breach of fiduciary duty, fraudulent inducement, and

7 conversion.[1] Specifically, the jury rendered the following verdicts: (1) a general verdict in

8 favor of Dr. Cunning individually in the amount of $391,097 and a special verdict

9 assessing punitive damages in favor of Dr. Cunning individually in the amount of

10 $500,000 (together, the "Cunning Judgment"); (2) a general verdict in favor of the Profit

11 Sharing Plan in the amount of $574,631 and a special verdict assessing punitive

12 damages in favor of the Profit Sharing Plan in the amount of $500,000 (together, the

13 "Profit Sharing Plan Judgment"); and (3) a general verdict in favor of the Family Trust in

14 the amount of $583,009 and a special verdict assessing punitive damages in favor of the

15 Family Trust in the amount of $500,000 (together, the "Family Trust Judgment")(the

16 Cunning Judgment, the Profit Sharing Plan Judgment, and the Family Trust Judgment

17 are collectively referred to as the "Judgments"). See Statement of Uncontroverted Facts

18 Nos. 8, 13, 14, 20, 21, 27. The jury found that the Debtor's conduct was oppressive,

19 malicious, and fraudulent, and these findings formed the basis for the punitive damage

20 awards. See Statement of Uncontroverted Facts Nos. 12, 19, and 26. The judgments

21 are all final.

22      The Debtor filed his voluntary chapter 7 bankruptcy petition on October 12, 2005,

23 and the Plaintiffs timely filed their complaint under 11 U.S.C. § 523.

24

25

26

27

---

28    [1] The jury also found that the conduct forming the basis for the judgments was a breach of contract, although that finding is not at issue in this Motion.

## III. LEGAL STANDARD FOR SUMMARY JUDGMENT

A party moving for summary judgment must show "that there is no genuine issue of material fact and that the Movant is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056(c). Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

"Once the moving party meets this burden, the non-moving party must designate specific facts showing that there is a genuine issue for trial." Hayes v. Palm Seedlings Partners-A (In re Agricultural Research and Tech. Group, Inc.), 916 F.2d 528, 533-34 (9th Cir. 1990)(citations omitted). In establishing a triable issue of fact, a responding party must do more than present a scintilla of evidence. Rather, the evidence presented must be sufficient to allow a reasonable fact-finder to find in the respondent's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

## IV. THE JUDGMENTS ARE ENTITLED TO COLLATERAL ESTOPPEL EFFECT, AND THEY SHOULD BE FOUND TO BE NONDISCHARGEABLE UNDER 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6)

The purpose of collateral estoppel is to avoid repetitious litigation. In applying collateral estoppel, federal courts are required to "give a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered." Younie v. Gonya (In re Younie), 211 B.R. 367, 373 (9th Cir. BAP 1997)(quoting Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984)). Collateral estoppel applies in nondischargeability proceedings. See Grogan v. Garner, 498 U.S. 279, 284-85 n.11, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991). The preclusive effect of a state court judgment in a subsequent bankruptcy proceeding is determined by the preclusion law of the state in which the judgment was issued. See Gayden v.

1  Nourbakhsh), 67 F.3d 798, 800 (9th Cir. 1995). Here, the Judgments were issued in

2  California, so California law on collateral estoppel applies.

3      The application of collateral estoppel in California requires that:

4          (1) The issue sought to be precluded from relitigation must be
5          identical to that decided in a former proceeding;

6          (2) The issue must have been actually litigated in the former
        proceeding;

7          (3) It must have been necessarily decided in the former
8          proceeding;

9          (4) The decision in the former proceeding must be final and
        on the merits; and

10          (5) The party against whom preclusion is sought must be the
11          same as, or in privity with, the party to the former proceeding.

12  Younie, 211 B.R. at 373 (citation and internal quotation marks omitted).

13

14  **A.**    **The Cunning Judgment Is Nondischargeable Under 11 U.S.C.**

15         **§§ 523(a)(2)(A) and (a)(6)**

16         **1.**    **The Cunning Judgment Is Nondischargeable Under**

17               **11 U.S.C. § 523(a)(2)(A)**

18      Section 523(a)(2)(A) excepts from discharge any debt "for money, property, an

19  extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses,

20  a false representation, or actual fraud . . . ." 11 U.S.C. § 523(a)(2)(A). This section

21  requires "only the fact of an adverse fraud judgment, and nothing more . . . for a debt to

22  be nondischargeable." Muegler v. Bening, 413 F.3d 980, 984 (9th Cir. 2005). All

23  damages resulting from a debtor's fraud, including punitive damages, are

24  nondischargeable under this section. See Cohen v. De La Cruz, 523 U.S. 213, 223, 118

25  S.Ct. 1212, 1219 (1998).

26      In September 1996, the state court signed its general verdict, awarding Cunning,

27  in his individual capacity, damages of $391,037. See Statement of Uncontroverted Facts

28

No. 8; General Verdict, attached as Exhibit "2."[2]  In awarding Dr. Cunning damages of $391,037, the jury found that the Debtor had made a representation to Dr. Cunning as to a past or existing material fact, that the representation was false, that the Debtor knew that the representation was false when he made it and made it with the intention of defrauding Dr. Cunning, that Dr. Cunning acted in reliance upon the truth of the representation and was justified in doing so, and that the Debtor's misrepresentation caused Dr. Cunning to suffer damages of $391,037.  See Statement of Uncontroverted Facts No. 9; Special Findings Fraud and Deceit, attached as Exhibit "3."  In a separate Special Finding, the jury also found that the Debtor had concealed or suppressed a material fact with the intention of defrauding Dr. Cunning, that Dr. Cunning was unaware of that fact when he acted and would have acted differently if he had known the truth, and that the Debtor's concealment of the fact caused Dr. Cunning damages of $391,097.00.  See Statement of Uncontroverted Facts No. 10; Special Findings Fraud (Inducement), attached as Exhibit "4."  In addition to the compensatory damages of $391,097, the jury also awarded Dr. Cunning $500,000.00 in punitive damages.  See Statement of Uncontroverted Facts No. 13; Special Verdict (Punitive Damages), attached as Exhibit "7."  The punitive damages were awarded in part based on the jury's finding that the Debtor's conduct was fraudulent within the meaning of California Civil Code ("CCC") § 3294.  See Statement of Uncontroverted Facts No. 12; Special Findings (Clear and Convincing Evidence; Punitive Damages), attached as Exhibit "6."  For the reasons set forth below, the Cunning Judgment is entitled to collateral estoppel effect and is nondischargeable under § 523(a)(2)(A).

The first element in determining whether it is appropriate to give a judgment collateral estoppel effect is whether the issue sought to be precluded from relitigation is identical to that decided in the earlier proceeding.  All that is needed to find an identity of issues under § 523(a)(2)(A) is the fact of an adverse fraud judgment.  See Muegler, 413

---

[2]  All references to exhibits in this Motion are to the exhibits that are attached to the Request for Judicial Notice submitted in connection with the Motion.

F.3d at 984. Because the jury found that the Debtor had committed both actual fraud and fraud in the inducement and that this conduct constituted fraud within the meaning of CCC § 3294, there is an identity of issues, and the first element of collateral estoppel is satisfied.

Second, the issue of whether the Debtor incurred the Cunning Judgment as a result of fraud was actually litigated in the State Court. The Debtor was represented by the law firm of Turner, Cooper & Reynolds, and the matter was tried to a jury over several weeks and after four years of trial preparation, resulting in the Judgments. The Debtor was aware that the trial was proceeding and has not contended otherwise. This is more than sufficient under California law to establish the element that the issue was actually litigated.[3]

Third, the Cunning Judgment was entered after the jury expressly found that the Debtor had defrauded Dr. Cunning and included a punitive damages award that was based in part on a finding that the Debtor's conduct was fraudulent. Accordingly, the issue of fraud was necessarily litigated, and this element is satisfied.

Last, the Cunning Judgment is final and non-appealable, and the Debtor and Dr. Cunning were parties to the litigation leading to the Cunning Judgment and are the parties before this Court. Thus, the fourth and fifth elements of collateral estoppel are satisfied.

Because all of the elements of collateral estoppel are easily met here and there are no genuine issues of material fact, there is no reason for the same issues to be relitigated by the same parties, and the Cunning Judgment is nondischargeable under 11 U.S.C. § 523(a)(2)(A).

---

[3]   In California, even a default judgment is entitled to collateral estoppel effect as long as the defendant was personally served with the summons or had actual knowledge of the existence of the litigation. See Cal-Micro, Inc. v. Cantrell (In re Cantrell), 329 F.3d 1119, 1124 (9th Cir. 2003). Not only was the Cunning Judgment not the result of a default judgment, it was rendered only after a jury trial.

## 2. The Cunning Judgment Is Nondischargeable Under 11 U.S.C. § 523(a)(6)

Section 523(a)(6) excepts from discharge debts "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). This section is intended to except from discharge debts incurred as a result of a debtor's intentional torts. See Kawaauhau v. Geiger (In re Geiger), 523 U.S. 57, 61-62, 118 S.Ct. 974, 977 (1998). The requirement of a willful injury "is met only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct." In re Su, 290 F.3d 1140, 1142 (9th Cir. 2002). A malicious act is a wrongful act, done intentionally, that necessarily causes injury, and is done without just cause or excuse. Id. at 1147-48. All damages stemming from a willful and malicious injury are nondischargeable under § 523(a)(6). See Britton v. Price (In re Britton), 950 F.2d 602, 605-06 (9th Cir. 1991)(abrogated on other grounds by Kawaauhau v. Geiger (In re Geiger), 523 U.S. 57 (1998))

As set forth above, the jury found that the Debtor had made a representation to Dr. Cunning as to a past or existing material fact, that the representation was false, that the Debtor knew that the representation was false when he made it and the Debtor made it with the intention of defrauding Dr. Cunning, that Dr. Cunning acted in reliance upon the truth of the representation and was justified in doing so, and that the Debtor's misrepresentation caused Dr. Cunning to suffer damages of $391,037. See Statement of Uncontroverted Facts No. 9; Special Findings Fraud and Deceit, attached as Exhibit "3." In a separate Special Finding, the jury also found that the Debtor had concealed or suppressed a material fact with the intention of defrauding Dr. Cunning, that Dr. Cunning was unaware of that fact when he acted and would have acted differently if he had known the truth, and that the Debtor's concealment of the fact caused Dr. Cunning damages of $391,097.00. See Statement of Uncontroverted Facts No. 10; Special Findings Fraud (Inducement), attached as Exhibit "4." In awarding punitive damages of $500,000, the jury also found that this same conduct was malicious,

1    oppressive, and fraudulent within the meaning of CCC § 3294. See Statement of
2    Uncontroverted Facts No. 12; Special Findings (Clear and Convincing Evidence; Punitive
3    Damages), attached as Exhibit "6."

4          In order to give the Cunning Judgment collateral estoppel effect and find that it is
5    nondischargeable under 11 U.S.C. § 523(a)(6), the Court must first find that there is an
6    identity of issues. As set forth above, under § 523(a)(6), there must be both a subjective
7    motive to injure and an intentional act that causes injury and that is done without just
8    cause or excuse in order for there to be a debt incurred by willful and malicious injury.
9    See Su, 290 F.3d at 1140-42, 1147-48. Both elements are easily satisfied here. In its
10   findings with respect to fraud, the jury found that the Debtor had made a false
11   representation about a material fact to Dr. Cunning and had concealed or suppressed a
12   material fact from Dr. Cunning, doing both with the intention of defrauding Dr. Cunning,
13   thereby causing Dr. Cunning damages of $391,097. In addition, the jury found that the
14   Debtor had committed fraud within the meaning of CCC § 3294(a). CCC 3294 defines
15   "fraud" as "an intentional misrepresentation, deceit, or concealment of a material fact
16   known to the defendant with the intention on the part of the defendant of thereby
17   depriving a person of property or legal rights or otherwise causing injury." Cal. Civ. Code
18   § 3294(c)(3). Each of these findings satisfies the requirement of § 523(a)(6) that the
19   Debtor's conduct be done with the subjective motive to inflict injury and also be a
20   wrongful act, done intentionally, that necessarily causes injury, and that is done without
21   just cause or excuse. See Su, 290 F.3d at 1140-42, 1147-48; see also Molina v. Seror
22   (In re Molina), 228 B.R. 248, 251-52 (9th Cir. BAP 1998)(analyzing the Supreme Court's
23   decision in Geiger and holding that a judgment that included punitive damages for fraud
24   under CCC § 3294 was entitled to collateral estoppel effect and therefore
25   nondischargeable under § 523(a)(6)). In addition to the above, in awarding punitive
26   damages, the jury expressly found that the Debtor's conduct was oppressive, which is
27   defined as "despicable conduct that subjects a person to cruel and unjust hardship in
28   conscious disregard of that person's rights." Cal. Civ. Code § 3294(c)(2). This, too, is

1   sufficient to satisfy the requirement that the conduct be malicious. See Petralia v.
2   Jercich (In re Jercich), 238 F.3d 1202, 1209 (9th Cir. 2001). Accordingly, there is an
3   identity of issues and the first element of collateral estoppel is satisfied.[4]

4       Second, the issue of whether the Cunning Judgment was awarded as a result of
5   the Debtor's willful and malicious injury to the Debtor was actually litigated in the State
6   Court after a jury trial, so this element is met. Because the Cunning Judgment was
7   entered after the jury expressly found that the Debtor's conduct was intended to harm
8   Dr. Cunning and done without just cause or excuse, as required by § 523(a)(6), the third
9   requirement that the issue be necessarily decided is satisfied. Last, the Cunning
10  Judgment is final and non-appealable and the same parties that were involved in the
11  State Court are present before this Court, so the fourth and fifth elements of collateral
12  estoppel are satisfied.

13      Because all of the elements of collateral estoppel are satisfied and there are no
14  genuine issues of material fact, there is no reason for the parties to relitigate whether the
15  damages were awarded as a result of willful and malicious injury, and the Cunning
16  Judgment should be found to be nondischargeable under § 523(a)(6).[5]

22  [4]   In addition, the jury found that the Debtor had committed the tort of conversion by wrongfully
23  exerting dominion over Dr. Cunning's property, causing Dr. Cunning to suffer damages of $391,097.00.
    See Statement of Uncontroverted Facts No. 11; Special Findings Conversion, attached as Exhibit "5." In
24  California, conversion is an intentional tort that requires that the plaintiff "show an intention or purpose to
    convert the goods and to exercise ownership over them, or to prevent the owner from taking possession of
25  his property." Collin v. American Empire Ins. Co., 21 Cal. App. 4th 787, 812 (1994). At least one court has
    found that this is tantamount to a willful injury within the meaning of § 523(a)(6). See Leonard v. Guillory (In
26  re Guillory), 285 B.R. 307, 315-16 (Bankr. C.D. Cal. 2002).
    [5]   The jury also found that the same conduct giving rise to the Cunning Judgment constituted a
27  breach of the Debtor's fiduciary duty to Dr. Cunning. However, Dr. Cunning has been unable to obtain a
    copy of this special finding from the State Court and counsel has been unable to locate it in time to submit it
28  with this motion. However, Dr. Cunning reserves the right to seek nondischargeability of the Cunning
    Judgment under § 523(a)(4) in the future if it becomes necessary to do so.

**B.** **The Profit Sharing Plan Judgment Is Nondischargeable Under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6)**

**1.** **The Profit Sharing Plan Judgment Is Nondischargeable Under 11 U.S.C. § 523(a)(2)(A)**

In awarding the Profit Sharing Plan a judgment of $574,631, the jury found that the Debtor had made a representation to Dr. Cunning, in his capacity as trustee of the Profit Sharing Plan, that the Debtor knew was false when he made it, that the Debtor made the representation with the intention of defrauding the Profit Sharing Plan, that Dr. Cunning (again in his capacity as the trustee of the Profit Sharing Plan, justifiably relied on the representation, and that the misrepresentation caused the Profit Sharing Plan damages of $574,631. See Statement of Uncontroverted Facts No. 15; Special Findings Fraud and Deceit, attached as Exhibit "9." The jury also found that the Debtor intentionally concealed or suppressed a material fact with the intention of defrauding Dr. Cunning, in his capacity as the trustee of the Profit Sharing Plan, that Dr. Cunning was unaware of the fact when he acted on behalf of the Profit Sharing Plan, that Dr. Cunning would have acted differently if he had known of the fact, and that the concealment or suppression caused the Profit Sharing Plan damages of $574,631.00. See Statement of Uncontroverted Facts No. 16; Special Findings Fraud (Inducement), attached as Exhibit "10." Because the jury found that the same conduct giving rise to the fraud judgments was malicious, oppressive, and fraudulent within the meaning of CCC § 3294(a), it also awarded the Profit Sharing Plan punitive damages of $500,000. See Statement of Uncontroverted Facts Nos. 19, 20; Special Findings (Clear and Convincing Evidence; Punitive Damages), attached as Exhibit "6"; Special Verdict (Punitive Damages), attached as Exhibit "13." As explained briefly below, the Profit Sharing Plan Judgment is entitled to the same collateral estoppel effect as the Cunning Judgment and should be determined to be nondischargeable under § 523(a)(2)(A).[6]

---

[6] Because both judgments are based on the same facts and are similarly worded, the Plaintiffs will not repeat in detail the analysis contained in Section IV.A. of this Motion, although they did incorporate it by this reference.

1       The first element that must be satisfied in order to give the Profit Sharing Plan

2  Judgment collateral estoppel effect in this context is that there must be an identity of

3  issues. As with the Cunning Judgment, because the jury found that the Debtor

4  committed actual fraud and fraud in the inducement and that his conduct was fraudulent

5  within the meaning of CCC § 3294, there is an identity of issues and the first factor is

6  satisfied. See Muegler, 413 F.3d at 984.

7       The second element that must be satisfied is that the issue of whether the Debtor

8  incurred the Profit Sharing Plan Judgment as a result of fraud must have been actually

9  litigated in the State Court. As explained above, the judgment was entered after a jury

10  trial, and accordingly, this element is satisfied.

11       Third, the Profit Sharing Plan Judgment was entered after the jury found that the

12  Debtor had defrauded the Profit Sharing Plan, and included a punitive damages award

13  based in part on the jury's finding that the Debtor's conduct with respect to the Profit

14  Sharing Plan was fraudulent. Accordingly, the issue of fraud was necessarily litigated

15  and the third element is satisfied.

16       Last, the Profit Sharing Plan is also final and nonappealable, and both the Profit

17  Sharing Plan and the Debtor were parties to the litigation leading to the Profit Sharing

18  Plan Judgment and are the parties before the Court in this proceeding. The fourth and

19  fifth elements required to give the Profit Sharing Plan Judgment collateral estoppel effect

20  are therefore satisfied.

21       Because all of the elements of collateral estoppel are therefore satisfied and there

22  are no genuine issues of material fact, the issues do not need to be relitigated, and the

23  Profit Sharing Plan Judgment should be found to be nondischargeable under

24  § 523(a)(2)(A).

25

26

27

28

## C.  The Profit Sharing Plan Judgment Is Nondischargeable Under
## 11 U.S.C. § 523(a)(4)

Section 523(a)(4) excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). Whether a person is a "fiduciary" under § 523(a)(4) is an issue of federal law which requires that "[t]he trust giving rise to the fiduciary relationship [ ] be imposed prior to any wrongdoing; the debtor must have been a 'trustee' before the wrong and without reference to it." Ragsdale v. Haller (In re Ragsdale), 780 F.2d 794, 796 (9th Cir. 1986). This requirement is intended to eliminate constructive, resulting, or implied trusts. Id. Although federal law defines the concept of a fiduciary, state law is relevant to determine when a trust in a strict sense exists. Id. Parties to a joint venture owe each other a fiduciary duty. Id. at 796-97 n. 3. All damages stemming from a breach of fiduciary duty, including punitive damages, are nondischargeable. See Bugna v. McArthur (In re Bugna), 33 F.3d 1054, 1059-60 (9th Cir. 1994).

Here, the State Court found that the Debtor and the Profit Sharing Plan were parties to a joint venture and the jury found that the Debtor therefore owed a fiduciary duty to the Profit Sharing Plan and breached that fiduciary duty, causing the Profit Sharing Plan to suffer damages of $574,631. See Statement of Uncontroverted Facts Nos. 2, 17. Because this fiduciary duty is the same as that contemplated by § 523(a)(4), there is an identity of issues, and the first element required to give the Profit Sharing Plan Judgment collateral estoppel effect is met.

Second, the issue of whether the Debtor breached his fiduciary duty was actually litigated in State Court because it was adjudicated after a jury trial. Third, the issue was necessarily decided, as evidenced by the fact that there is a special finding that the Debtor breached his fiduciary duty to the Profit Sharing Plan. Accordingly, this element is met. Fourth, the Profit Sharing Plan long ago became a final and nonappealable judgment, and the same parties that were parties to the matter before the State Court are present before this Court.

1    Because all of the elements required to give the Profit Sharing Plan Judgment

2 collateral estoppel effect are satisfied, the Profit Sharing Plan Judgment should be found

3 to be nondischargeable under § 523(a)(4).

4            **1.    The Profit Sharing Plan Judgment Is Nondischargeable**

5                    **Under 11 U.S.C. § 523(a)(6)**

6            In connection with the Profit Sharing Plan Judgment, the jury found that the

7 Debtor had made a false representation of a material fact to Dr. Cunning in his capacity

8 as trustee of the Profit Sharing Plan, that the Debtor made the representation with the

9 intention of defrauding the Profit Sharing Plan, that the Profit Sharing Plan justifiably

10 acted in reliance on the truth of that representation, and that the misrepresentation

11 caused it damages of $574,631. See Statement of Uncontroverted Facts No. 15;

12 Special Findings Fraud and Deceit, attached as Exhibit "9." The jury also found that the

13 Debtor had concealed or suppressed a material fact from the Profit Sharing Plan with the

14 intention of defrauding the Profit Sharing Plan, that Dr. Cunning, as trustee of the Profit

15 Sharing Plan, was unaware of the fact when he acted, that Dr. Cunning would have

16 acted differently if he had known of the concealed or suppressed fact, and that the

17 Debtor's concealment or suppression caused the Profit Sharing Plan to suffer damages

18 of $574,631. See Statement of Uncontroverted Facts No. 16; Special Findings Fraud

19 (Inducement), attached as Exhibit "10." Additionally, in awarding the Profit Sharing Plan

20 punitive damages of $500,000, the jury found that the same conduct was malicious,

21 oppressive, and fraudulent within the meaning of CCC § 3294. See Statement of

22 Uncontroverted Facts Nos. 19, 20.

23            In order to give the Profit Sharing Plan Judgment collateral estoppel effect and

24 find that it is nondischargeable under § 523(a)(6), the Court first must find that there is an

25 identity of issues. Section 523(a)(6) requires that the debt be incurred as a result of the

26 debtor's subjective motive to inflict injury or because the debtor believed that injury was

27 substantially certain to result from his conduct. See Su, 290 F.3d at 1142. The debt

28 must also be the result of a wrongful act, done intentionally, that necessarily causes

injury, and that is done without just cause or excuse. Id. at 1147-48. Both elements are met here because the jury found that the Debtor made a false representation of a material fact and also concealed or suppressed a material fact with the intention of defrauding the Profit Sharing Plan, thereby causing it to suffer damages of $574,631. The jury also found that the Debtor committed fraud within the meaning of CCC § 3294, which requires that the fraud occur "with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." Cal. Civ. Code § 3294(c)(3). All three of these satisfy the requirement of § 523(a)(6) that the Debtor's conduct be done with the subjective motive to inflict injury and that the act be wrongful, done intentionally, necessarily cause injury, and be done without just cause of excuse. See Su, 290 F.3d at 1140-42, 1147-48; Molina, 228 B.R. at 251-52). In addition, the jury found that the Debtor's conduct with respect to the Profit Sharing Plan was oppressive, which is also sufficient to satisfy the requirement that the conduct be malicious. See Jercich, 238 F.3d at 1209. As a result, there is an identity of issues, and the first requirement is met.[7]

The remaining elements required to give the Profit Sharing Plan Judgment collateral estoppel effect are easily satisfied. First, the Profit Sharing Plan Judgment was awarded as a result of the Debtor's willful and malicious injury after a jury trial in the State Court, so the requirement that the issue be actually litigated is met. Next, the Profit Sharing Plan Judgment was entered after the jury expressly found that the Debtor's conduct was intended to harm the Profit Sharing Plan and was done without just cause or excuse, so the third element that the issue be necessarily decided is satisfied. Last, the Profit Sharing Plan Judgment is final and non-appealable and the same parties are involved, so the fourth and fifth elements are satisfied.

---

[7]    In addition, the jury found that the Debtor had committed the tort of conversion with respect to the Profit Sharing Plan. See Statement of Uncontroverted Facts No. 18; Special Findings Conversion, attached as Exhibit "12." This may provide additional evidence that the Family Trust Judgment was the result of the Debtor's willful and malicious injury. See Guillory, 285 B.R. at 315-16.

1       Because all of the elements of collateral estoppel are met and there are no

2 genuine issues of material fact, the Profit Sharing Plan Judgment is entitled to be given

3 collateral estoppel effect and should be found to be nondischargeable under § 523(a)(6).

4

5     **D.**    **The Family Trust Judgment Is Nondischargeable Under 11 U.S.C.**

6         **§§ 523(a)(2)(A), (a)(4), and (a)(6)**

7         **1.**    **The Family Trust Judgment Is Nondischargeable Under**

8             **11 U.S.C. § 523(a)(2)(A)**

9       In reaching its verdicts with respect to the Family Trust, the jury reached the same

10 conclusions that it did with respect to Dr. Cunning and the Profit Sharing Plan.

11 Specifically, the jury again found that the Debtor had made a false representation to

12 Dr. Cunning, in his capacity as trustee of the Family Trust, that the Debtor made the

13 misrepresentation with the intention of defrauding the Family Trust, that the Family Trust

14 justifiably acted in reliance on the truth of the representation, causing the Family Trust to

15 suffer damages of $583,009. See Statement of Uncontroverted Facts No. 22; Special

16 Findings Fraud and Deceit, attached as Exhibit "15." The jury also found that the Debtor

17 had concealed or suppressed a material fact from Dr. Cunning in his capacity as the

18 trustee of the Family Trust with the intention of defrauding the Family Trust, that the

19 Family Trust would have acted differently if it had known of the concealed or suppressed

20 fact, and that the Debtor's concealment or suppression caused the Family Trust to suffer

21 damages of $583,009. See Statement of Uncontroverted Facts No. 23; Special Findings

22 Fraud (Inducement), attached as Exhibit "16." Last, the jury found that the Debtor's

23 conduct with respect to the Family Trust was fraudulent within the meaning of CCC

24 § 3294, and awarded punitive damages of $500,000 in favor of the Family Trust. See

25 Statement of Uncontroverted Facts Nos. 26 and 27; Special Findings (Clear and

26 Convincing Evidence; Punitive Damages) and Special Verdict (Punitive Damages),

27 attached as Exhibits "6" and "19," respectively. For the reasons set forth below, the

28

1  Family Trust Judgment is entitled to collateral estoppel effect and should be determined
2  to be nondischargeable under § 523(a)(2)(A).

3        The first element to determine whether it is entitled to collateral estoppel effect is
4  whether there is an identity of issues. Given the three separate adverse findings of fraud
5  detailed above, this element is easily satisfied. See Muegler, 413 F.3d at 984.

6        The second element is whether the issue was actually litigated in the State Court.
7  Because the Family Trust Judgment was rendered after a trial before a jury, this issue is
8  also met.

9        Third, the Family Trust Judgment was entered after the jury expressly found that
10  the Debtor had committed the torts of fraud and deceit and fraud in the inducement and
11  that the Debtor's conduct constituted fraud within the meaning of CCC § 3294. Because
12  these are express findings, the issue of fraud was necessarily litigated and the third
13  element is satisfied.

14       Last, the Family Trust Judgment is final and non-appealable, and the same parties
15  are involved.

16       Because all of the elements of collateral estoppel are satisfied, the Family Trust
17  Judgment is entitled to be given collateral estoppel effect and should be found to be
18  nondischargeable under § 523(a)(2)(A).

19              **2.    The Family Trust Judgment Is Nondischargeable Under**
20                      **11 U.S.C. § 523(a)(4)**

21       As explained above, § 523(a)(4) excepts from discharge debts incurred as a result
22  of a debtor's breach of fiduciary duty. Parties to a joint venture owe one another a
23  fiduciary duty. See Ragsdale, 780 F.2d at 796-97 n.3. Here, the State Court found that
24  the Debtor and the Family Trust were parties to a joint venture with respect to the real
25  estate project on 16th Street in Newport Beach, and the jury found that the Debtor
26  therefore owed the Family Trust a fiduciary duty and breached it. See Statement of
27  Uncontroverted Facts Nos. 3, 24; Special Findings Fiduciary Duty, attached as
28  Exhibit "17." Because this fiduciary duty is the same as that required by § 523(a)(4),

1 | there is an identity of issues, and the first element required to give the Family Trust
2 | Judgment collateral estoppel effect under § 523(a)(4) is satisfied.

3 | The second element requires that the issue of whether the Debtor breached his
4 | fiduciary duty have been actually litigated. Because the jury made this finding after a trial
5 | that the Debtor was certainly aware of, this element is satisfied.

6 | Third, the issue of whether the Debtor breached his fiduciary duty must have been
7 | necessarily decided. This element is met because the jury made an express finding that
8 | the Debtor breached his fiduciary duty to the Family Trust, causing it to suffer damages
9 | of $583,009. Last, the Family Trust Judgment is final and non-appealable, and the same
10 | parties that were parties to the Family Trust Judgment are parties to this action.

11 | Accordingly, the Family Trust Judgment is entitled to collateral estoppel effect and
12 | should be determined to be nondischargeable under § 523(a)(4).

### 3. The Family Trust Judgment Is Nondischargeable Under
### 11 U.S.C. § 523(a)(6)

15 | As explained in detail above, debts incurred as a result of a willful and malicious
16 | injury by the debtor are nondischargeable under § 523(a)(6). See 11 U.S.C. § 523(a)(6).
17 | Here, the jury found that the Debtor had made a false representation of a material fact to
18 | Dr. Cunning in his capacity as trustee of the Family Trust, that the Debtor made the
19 | misrepresentation with the intention of defrauding the Family Trust, that the Family Trust
20 | justifiably relied on the truth of that representation, and that the misrepresentation
21 | caused it damages of $583,009. See Statement of Uncontroverted Facts No. 22;
22 | Special Findings Fraud and Deceit, attached as Exhibit "22." The jury also found that the
23 | Debtor had concealed or suppressed a material fact from Dr. Cunning, in his capacity as
24 | trustee of the Family Trust, with the intention of defrauding the Family Trust, that the
25 | Family Trust would have acted differently if it had known of the concealed or suppressed
26 | fact, and that this concealment caused the Family Trust to suffer damages.
27 | See Statement of Uncontroverted Facts No. 23; Special Findings Fraud (Inducement),
28 | attached as Exhibit "16." Last, the jury found that the Debtor's conduct constituted fraud,

1 within the meaning of CCC § 3294, which requires that there be an "intention on the part
2 of the defendant of thereby depriving a person of property or legal rights or otherwise
3 causing injury." Cal. Civ. Code § 3294(c)(3); see Statement of Uncontroverted Facts
4 Nos. 26, 27. As with the Cunning Judgment and the Profit Sharing Plan Judgment, each
5 of these three findings satisfies the requirement of § 523(a)(6) that the Debtor's conduct
6 be done with the subjective motive to inflict injury and that the act be wrongful, done
7 intentionally, necessarily cause injury, and be done without just cause or excuse.
8 See Su, 290 F.3d at 1140-42, 1147-48; Molina, 228 B.R. at 251-52. In addition, the jury
9 also found that the Debtor's conduct with respect to the Family Trust was oppressive,
10 which is also sufficient to satisfy the requirement that the conduct be malicious. See
11 Jercich, 238 F.3d at 1209. Accordingly, there is an identity of issues, and the first
12 requirement is met.[8]

13     The remaining elements required to give the Family Trust Judgment collateral
14 estoppel effect are also satisfied. First, it was awarded after a jury trial in State Court, so
15 the requirement that the issue be actually litigated is met. Second, the Family Trust
16 Judgment was entered after the jury expressly found that the Debtor's wrongful conduct
17 was intended to injure the Family Trust and was done without just cause or excuse, so
18 the issue was necessarily decided. Last, the Family Trust Judgment is final and
19 non-appealable, and the same parties that were before the State Court are before this
20 Court.

21     Because each of the elements required to give the Family Trust Judgment
22 collateral estoppel effect under § 523(a)(6) are met, the Family Trust Judgment should
23 be found to be nondischargeable under § 523(a)(6).

24
25
26

27     [8] In addition, the jury found that the Debtor had committed the tort of conversion with respect to the
Family Trust. See Statement of Uncontroverted Facts No. 25; Special Findings Conversion, attached as
28 Exhibit "18." This may provide additional evidence that the Family Trust Judgment was the result of the
Debtor's willful and malicious injury. See Guillory, 285 B.R. at 315-16.

21

# V. **CONCLUSION**

Based on the foregoing, the Plaintiffs request that the Court find that the Judgments are entitled to collateral estoppel effect and therefore nondischargeable under § 523 as follows:

1.     The Cunning Judgment is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6); and

2.     The Profit Sharing Plan Judgment is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6); and

3.     The Family Trust Judgment is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6).

Respectfully submitted,

DATED: May 24, 2006

WEILAND, GOLDEN,
SMILEY, WANG EKVALL & STROK, LLP

By: _____
KYRA E. ANDRASSY
Attorneys for Dr. Ronald Cunning,
an individual and as trustee for the
Ronald Cunning D.D.S., Inc. Profit
Sharing Plan and Trust and the
Cunning Family Trust

**PROOF OF SERVICE**

STATE OF CALIFORNIA,

COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 650 Town Center Drive, Suite 950, Costa Mesa, California 92626.

On May 24, 2006, I served the foregoing document described as **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

see attached list

[✓]　BY MAIL

　　[ ]　I deposited such envelope in the mail at Costa Mesa, California. The envelope was mailed with postage thereon fully prepaid.

　　[✓]　I deposited such envelope with the firm for collection and processing. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on May 24, 2006, at Costa Mesa, California.

[ ]　(State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[✓]　(Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under the penalty of perjury under the laws of the United States of America that the above is true and correct.

Margaret Sciesinski
Type or print name

Signature

## SERVICE LIST:

**United States Trustee**
411 W. 4th Street
Suite 9041
Santa Ana, CA 92701

Lloyd Myles Rucker
110 Washington Ave.
Apt. 1724
Miami Beach, FL 33139
**Defendant**

Mark Bradshaw, Esq.
Shulman Hodges & Bastian, LLP
Towne Centre Plaza
26632 Towne Center Dr., Suite 300
Foothill Ranch, CA 92610-2808
**Attorneys for Debtor/Defendant**

Thomas H. Casey
22342 Avenida Empresa, Suite 260
Rancho Santa Margarita, CA 92688
**Chapter 7 Trustee**